UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK A. FREEDMAN,

                               Petitioner,

    vs.
                                                                            9:10-CV-00979 (NAM)

JOHN W. DAVIS; DANIEL J. TUCZINSKI,
Columbia County Attorney,

                               Respondents.
_____

APPEARANCES:

Mark A. Freedman
Petitioner *Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

## ORDER

    Petitioner Mark A. Freedman has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254, a memorandum of law ("Mem."), an Affidavit, and several exhibits. Dkt. No. 1. Petitioner, who is not currently incarcerated, has paid the required filing fee.

    Petitioner apparently seeks to challenge a January 21, 2009 judgment for civil contempt issued by Family Court in Columbia County that resulted from petitioner's failure to pay child support on the ground that the court engaged in "unlawful sentencing procedures." Dkt. No. 1, Petition, at 1; Mem. at 4. Petitioner explains in his affidavit that on January 21, 2009, he was sentenced to serve six months in jail, originally set to expire on July 19, 2009. Dkt. No. 1, Affidavit, at 2, 6. Petitioner states that on February 13, 2009, his attorney filed a petition seeking relief from the commitment order, and that on April 8, 2009, the Family Court suspended his sentence temporarily because it ruled that petitioner should not be in custody during the time that

counsel reviewed and re-submitted an application for relief from commitment. *Id.* at 2-4. On October 13, 2009, petitioner's renewed application for relief from commitment was ultimately denied. *Id.* at 6-7.

During a court appearance held on November 4, 2009, Family Court revoked its earlier suspension of the order of commitment and directed that petitioner resume incarceration. *Id.* at 7. *See also* Transcript of Proceedings, Nov. 4, 2009, at 5. Since petitioner did not appear in court, the judge issued a bench warrant for his arrest. *Id.*[1]

Petitioner apparently appealed the court's findings regarding his ability to meet his child support obligations, and on December 3, 2009, the Appellate Division, Third Department, affirmed. *See Freedman v. Horike*, 68 A.D.3d 1205 (3d Dept. 2009).[2] Petitioner's application for leave to appeal was denied in part and dismissed in part by the New York Court of Appeals. *Freedman v. Horike*, 14 N.Y.3d 811 (2010).

In an Order dated March 4, 2010, the Family Court again issued an order revoking its order that suspended its January 2009 order of commitment, and directing petitioner to resume his incarceration. Dkt. No. 1, Exhibits, at 14. Petitioner filed a motion for vacatur or stay of the

---

[1] Section 2254 (a) requires that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time [the] petition is filed " in order to vest the district court with jurisdiction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989)(per curiam) (citing *Carafas v. La Vallee*, 391 U.S. 234, 238 (1968)); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that the "in custody" provision only requires that the petitioner be in custody at the time the petition is filed); *Marshall v. New York*, No. 08-CV-3882, 2009 WL 936140, at *1 (E.D.N.Y. Apr. 7, 2009). Petitioner admits that he is not in custody, but argues that he should be considered to be "in custody" for purposes of section 2254 because he served only part of his sentence and there is an outstanding order of commitment, and an outstanding bench warrant, issued by the County of Columbia Family Court. Dkt. No. 1, Affidavit, at 1-2. A suspended civil contempt sentence *might* satisfy the custody requirement. *See, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 351-52 (1973); Mays v. Dinwiddie, 580 F.3d 1136, 1139 (10th Cir. 2009)(noting that "suspended or stayed sentences may satisfy the custody requirement"); *Echendu v. United States*, No. 02-CV-1255DGT, 2003 WL 21653370, at *5 (E.D.N.Y. Jul. 14, 2003)("Indeed, individuals on parole, probation, or under suspended sentence are considered to be "in custody.")(citing *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994). However, since this petition is being dismissed on other grounds, the Court need not decide whether petitioner is "in custody" for purposes of AEDPA under the circumstances of this case. Petitioner states that the bench warrant is still outstanding. *Id.* at 2.

[2] It is unclear whether petitioner challenged the imposition of a jail sentence in this appeal.

March 4, 2010 Order pending a determination of his claims on appeal, and the Appellate Division, Third Department, denied each motion on April 16, 2010.  Dkt. No. 1, Exhibits, at 15 (Decision and Order on Motion, *Matter of Horike v. Freedman*, Case # 509203, Apr. 16, 2010).  Petitioner further states that his direct appeal to the Appellate Division, Third Department, in which he has raised each issue he also seeks to raise in his habeas petition, is pending. Dkt. No. 1, Petition, at 1 ("Appeal currently being perfected by assigned counsel.  Motion for vacatur or stay pending determination of appeal denied by Appellate Division on April 16, 2010.").

Petitioner raises the following grounds for habeas relief: (1) Family Court's order of incarceration was based upon his failure to pay child support arrears for an amount incurred "without applying the statutory cap to those arrears while he was a recipient of public assistance"; (2) Family Court improperly reinstated the order of commitment after the sentence had been completed; (3) Family Court used civil confinement in order to punish petitioner; and (4) the Family Court judge is "anti-Semitic and his bias and prejudice" prevented petitioner from receiving a fair hearing.  Dkt. No. 1, Petition, at 3-6.

An application for a writ of habeas corpus may not be granted until a prisoner has exhausted all remedies available in state court unless there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b). To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in the habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" any federal constitutional claims to the highest state court in the same factual and legal context in which it appears in the habeas petition. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Fama v. Comm'r. of Corr. Servs.*, 235 F.3d 804, 808 (2d

Cir. 2000); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

Here, it is clear that petitioner has not exhausted his state court remedies because assigned counsel is in the process of perfecting his appeal. Dkt. No. 1, Petition at 1; Affidavit, at 2. Since the direct appeal is currently pending, the Appellate Division has not yet had an opportunity to decide the merits of petitioner's claims. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts have discretion to review and deny on the merits any unexhausted claims that are "plainly meritless" (*Rhines v. Weber*, 544 U.S. 269, 277 (2005)) or "patently frivolous." *McFadden v. Senkowski*, 421 F. Supp. 2d 619, 621 (W.D.N.Y. 2006); *Wheeler v. Phillips*, No. 05-CV-4399, 2006 WL 2357973 at *5 (E.D.N.Y. Aug. 15, 2006); 28 U.S.C. § 2254(b)(2). The Court declines to do so in this case because each ground petitioner wishes to raise in this Court is currently pending on direct appeal in state court. *See Foster v. Spitzer*, No. 07-CV-0103, 2007 WL 1531904 (N.D.N.Y. Mar. 5, 2007) (habeas petition dismissed where petitioner had not yet completed state appellate review of his claims). Dismissal of this petition will not unduly prejudice petitioner because, based upon the information set forth in his petition, it appears that petitioner will have ample opportunity to file timely a § 2254 habeas petition setting forth his claims once he has exhausted his state-court remedies. *See, generally, Rhines,* 544 U.S. at 276-78.      **WHEREFORE**, it is

**ORDERED** that petitioner's petition for a writ of habeas corpus (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE**, and it is

**ORDERED** that the Clerk of the Court serve a copy of this Order on the petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Date:   August 27, 2010

Norman A. Mordue
Chief United States District Court Judge